Ahren A. Tiller Esq. [SBN: 250608]
Email: ahren.tiller@blc-sd.com
Brett F. Bodie Esq. [SBN: 264452]
Email: brett.bodie@blc-sd.com
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone: (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for Plaintiff
LAURIE JEAN DARGAVELL

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

LAURIE JEAN DARGAVELL

Plaintiff,

vs.

POPULUS FINANCIAL GROUP, INC.

Defendant,

Case No.: '26CV4483 LL AHG

**COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1788.32); AND (2) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)**

**JURY TRIAL DEMANDED**

**<u>COMPLAINT FOR DAMAGES</u>**

**INTRODUCTION**

1. LAURIE JEAN DARGAVELL (hereinafter referred to as "Plaintiff"), by and through her Counsel of record, brings this action against POPULUS FINANCIAL GROUP, INC. d/b/a ACE CASH EXPRESS (hereinafter referred to as "ACE CASH" or "Defendant"), pertaining to actions by Defendant to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Artificial or Prerecorded Voice in violation of the Telephone Consumer

Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" [Cal. Civ. C. §§ 1788-1788.32]), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and small business debts and to require debtors to act fairly in entering into and honoring such debts.[1] Cal. Civ. Code § 1788.17 incorporates the FDCPA into the RFDCPA, by stating that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

3. The Telephone Consumer Protection Act (hereinafter referred to as "the TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an

[1] CA Civil Code §§ 1788.1(a)-(b)

invasion of privacy, regardless of the type of call . . .” *Id.* at §§ 12-13. See also, *Mims,* 132 S. Ct., at 744.

5. As the Ninth Circuit stated in *Henderson v. United Student Aid Funds, Inc.*:

> Under the TCPA, it is unlawful to "to make any call (other than . . . with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . .cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). Telemarketers, debt collectors, and others obtain phone numbers consumers did not consent to be called on through skip tracing. Because consumers did not provide … "prior express consent" to be called on those numbers. Therefore, if the numbers were also auto dialed, the calls violated the TCPA. 47 U.S.C. § 227(b)(1)(A)(iii).
>
> *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1071-72 (9th Cir. 2019).

6. Further, as the United States District Court for the Central District of California explained in *Mata v. Veros Credit, LLC*, No. SA CV 16-98-DOC (JCGx), 2017 U.S. Dist. LEXIS 114373, at *9 (C.D. Cal. Jan. 20, 2017),

> It is sufficient for a plaintiff to allege the defendant used an "artificial or prerecorded voice" to place a call, "without any need to consider whether those plaintiffs also adequately alleged use of an ATDS." *Flores*, 2015 U.S. Dist. LEXIS 92176, 2015 WL 4340020, at *12; see also *Robinson v. Midland Funding, LLC*, No. 10CV2261, 2011 U.S. Dist. LEXIS 40107, 2011 WL 1434919 (S.D. Cal. Apr. 13, 2011) and *Reyes v. Saxon Mortgage Servs., Inc.*, No. 09CV1366, 2009 U.S. Dist. LEXIS 125235, 2009 WL 3738177, at *4 (S.D. Cal. Nov. 5, 2009).

7. Allegations of the use of an artificial or prerecorded voice to place a call is sufficient alone to properly plead a claim under the TCPA.

> The Vaccaro court held, and I agree, that ‘[b]ecause the provision is written in the disjunctive, plaintiffs can state a claim under the TCPA by alleging the use of (1) an 'artificial or prerecorded voice' or (2) an ATDS." 2013 U.S. Dist. LEXIS 99991, [WL] at *n. 2.; see also *Holcombe v. Credit Protection Ass'n, LP*, No. 14-cv-14, 2014 U.S. Dist. LEXIS 122054, 2014 WL 4252277, at *3 (M.D. Ga. Aug. 28, 2014); *Lardner v. Diversified Consultants Inc.,* No. 13-cv-22751, 17 F. Supp. 3d 1215, 2014 U.S. Dist. LEXIS 64205, 2014 WL 1778960, at *6 (S.D. Fla. May 1, 2014); *Vance v. Bureau of Collection Recovery LLC*, No. 10-cv-06342, 2011 U.S. Dist. LEXIS 24908, 2011 WL 881550, at *3 (N.D. Ill. March 11, 2011) [*37].
>
> *Warnick v. Dish Network LLC,* Civil Action No. 12-cv-01952-WYD-MEH, 2014 U.S. Dist. LEXIS 138381, at *36-37 (D. Colo. Sep. 30, 2014).

8. See also the United States Supreme Court's ruling in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1172 n.8 (2021) ("By contrast, Congress did impose broader prohibitions elsewhere in the TCPA. See, *e.g.,* 47 U.S.C. §§227(b)(1)(A) and (B) [prohibiting 'artificial or prerecorded voice' calls, irrespective of the type of technology used]").

9. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding herself, which are made and based upon personal knowledge.

## JURISDICTION AND VENUE

10. This action is based on Defendant's violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.32; and the TCPA found in Title 47 of the United States Code Section 227, *et seq.*

11. This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

12. The unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.

13. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

14. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California. Furthermore, Defendant regularly conducts business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

## PARTIES

15. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.
16. Plaintiff is a natural person from whom a debt collector sought to collect a covered debt—specifically, a consumer debt—which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).
17. Defendant ACE CASH is a Texas corporation doing business as ACE Cash Express, with its principal business address and headquarters located in Irving, Texas. ACE CASH provides short-term consumer financial services throughout the country, including this District.
18. ACE CASH is licensed by the California Department of Financial Protection and Innovation to make deferred deposit transactions and regularly originates consumer loans in California. ACE CASH also collects consumer debts allegedly owed to it through the mail, electronic communications, and telephone.
19. Defendant is, and all times mentioned herein, was a corporation and a "person," as defined by 47 U.S.C. § 153(39).
20. When individuals owe ACE CASH debts for regular payments on consumer loans and similar obligations, ACE CASH collects those consumer debts through the mail, electronic communications, and telephone. For example, when customers become delinquent, ACE CASH calls them and sends collection messages, letters, and emails seeking payment. Those consumer debts are "covered debts" under Cal. Civ. Code § 1788.2(l). Therefore, ACE CASH is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).
21. Cal. Civ. Code § 1788.17 states that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair

Debt Collection Practices Act, sections 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code.

22. At all times relevant hereto, Defendant used, controlled, and/or operated a telephone system designed to place multiple calls to Plaintiff's cellular telephone using an artificial voice and/or prerecorded voice message ("Recorded Voice") as that term is used in 47 U.S.C. § 227(b)(1)(A).

23. Defendant is, and all times mentioned herein, was a corporation and "person," as that term is defined by 47 U.S.C. § 153(39).

24. This case involves money, property, or their equivalent, due or owing, or alleged to be due or owing from a natural person by reason of a "consumer credit transaction." Thus, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

25. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

26. Prior to February of 2026, Defendant issued Plaintiff a short-term unsecured consumer loan ("ACE CASH Loan"). The ACE CASH Loan was taken out for, and used for, personal and household expenses.

27. Plaintiff made payments toward her ACE CASH Loan and maintained good standing until March of 2026, when Plaintiff experienced financial hardship and was unable to maintain the regular payments.

28. After Plaintiff became unable to maintain the regular payments on her ACE CASH Loan, agents for ACE CASH called Plaintiff multiple times seeking payment using a Recorded Voice, including multiple calls in a single day.

29. The collection calls were made to Plaintiff's personal cellular telephone, which Plaintiff subscribed to and regularly used.

30. Plaintiff sought out and retained an attorney to represent her regarding the

consumer loan allegedly owed to ACE CASH.

31. On April 8, 2026, Plaintiff's Counsel drafted and submitted for mailing a Cease-and-Desist letter, whereby Plaintiff's Counsel stated in writing that Plaintiff was revoking consent to call her via the use of a Recorded Voice, that Plaintiff had retained Counsel, and that ACE CASH needed to cease calling Plaintiff pursuant to the RFDCPA ("Letter"). The Letter referenced the last four digits of Plaintiff's social security number next to her name to help ACE CASH identify Plaintiff's account.

32. The Letter informed ACE CASH that Plaintiff was represented by Counsel and thus constituted written notice pursuant to Cal. Civ. Code § 1788.14(c) that Plaintiff was represented by an attorney with respect to any and all debts allegedly owed to or serviced by Defendant. The Letter requested that all communications regarding the alleged consumer debt be directed exclusively to Plaintiff's attorney and clearly revoked any prior consent to contact Plaintiff using an automated dialing system, text, or other method, including calls with a prerecorded or automated voice message. Plaintiff's Counsel did not consent to direct communications with Plaintiff after ACE CASH received the Letter.

33. The April 8, 2026 Letter was sent via Docsmit. Docsmit is a third-party company with no relation to Plaintiff or her Counsel whose business includes sending mail on behalf of customers. Docsmit provides a certificate of mailing and identifies the time a letter was sent.

34. Docsmit sent the April 8, 2026 Letter to the following address:

> ACE Cash Express
> c/o Populus Financial Group, Inc.
> 300 E. John Carpenter Fwy., Ste. 900
> Irving, TX 75062

35. Docsmit included with the letter the following attestation of mailing:

> "*The information herein is certified by Docsmit.com, Inc. ("Docsmit") to be true and accurate as of the date and time this report was generated. All of the records relating to this communication were made at times proximate to those indicated. Docsmit has not permitted any of the parties hereto to modify the records.*"

36. The address to which the April 8, 2026 Letter was sent is the principal address of Populus Financial Group, Inc. and the corporate office address that ACE CASH identifies on its official website:

**Populus Financial Group**

300 E. John Carpenter Fwy, Ste. 900
Irving, TX 75062

37. ACE Cash received the April 8, 2026, Letter.

38. However, despite receipt of the April 8, 2026, Letter, which states that Plaintiff had revoked consent to be called via a Recorded Voice and had retained counsel regarding the subject debt, representatives of ACE CASH continued to call Plaintiff more than fifty (50) times after April 13, 2026, on her cellular telephone, including through prerecorded voice messages.

39. Plaintiff alleges that ACE CASH called Plaintiff in excess of fifty (50) times total, multiple times in a single day, and more than seven (7) times during some seven-day periods, based on her recollection of the frequency of calls and the call records in her possession.

40. ACE CASH, or its agents or representatives, contacted Plaintiff on her cellular telephone over fifty (50) times after April 13, 2026, including using an artificial and/or prerecorded voice.

41. ACE CASH called Plaintiff from numbers identified on Caller ID as (619) 550-2064, (619) 866-3486, (619) 473-5283, (619) 894-8748, (619) 534-8001, (619) 534-6978, (619) 567-6009, (619) 399-7962, and (619) 664-4416, among others.

42. On at least three occasions, Plaintiff received voicemail messages that identified the caller as ACE Cash Express and instructed Plaintiff to return the call regarding the subject debt.

43. The voicemail messages were approximately eighteen to thirty seconds long and used materially identical scripted phrasing.

44. The voicemail messages directed Plaintiff to call the same toll-free number and to use the same account reference number, further indicating that ACE CASH used a prerecorded message.

45. The calls came from multiple local caller-ID numbers, and ACE CASH left the scripted messages on three consecutive days—May 27, May 28, and May 29, 2026—indicative of a computerized calling system.

46. Plaintiff's telephone transcribed the messages as identifying ACE Cash Express and requesting that Plaintiff return the call as soon as possible.

47. The repeated, materially identical scripted messages are indicative of an artificial or prerecorded voice used in an attempt to collect the subject debt.

48. Thus, some of the Defendant's calls to Plaintiff after receiving the letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

49. The multiple calls made by Defendant or its agents after April 13, 2026, were therefore made in violation of 47 U.S.C. § 227(b)(1).

50. Despite receipt of Plaintiff's Counsel's Letter sent to Defendant's corporate mailing address, instructing Defendant to cease calling Plaintiff's cellular telephone via the use of a Recorded Voice, and providing notice that Plaintiff had revoked consent and retained Counsel regarding the alleged debt, ACE CASH continues to contact Plaintiff to date.

## CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

## Violations of California Rosenthal Fair Debt Collection Practices Act

## (California Civil Code § 1788.14(c))

51. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

52. When Plaintiff's Counsel sent the April 8, 2026 cease-and-desist Letter to ACE CASH, Defendant was aware, or reasonably should have been aware upon delivery, that Plaintiff was represented by an attorney.

53. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a covered debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the covered debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by the attorney with respect to the covered debt and the notice includes the attorney's name and address and a request by the attorney that all communications regarding the covered debt be addressed to the attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply if prior approval has been obtained from the debtor's attorney, or if the communication is a response in the ordinary course of business to a debtor's inquiry.

54. By calling Plaintiff on her cellular phone over fifty (50) times after receipt of the April 8, 2026 Letter from Plaintiff's Counsel, ACE CASH violated Cal. Civ. Code § 1788.14(c).

55. As a result of the constant collection calls by ACE CASH, Plaintiff has experienced stress and irritability, as the constant and harassing collection calls were overwhelming. Therefore, Plaintiff has suffered actual damages as a result of Defendant's violations of Cal. Civ. Code § 1788.14(c).

56. Further, as stated previously, Cal. Civ. Code § 1788.17 incorporates specified provisions of the FDCPA into the Rosenthal Fair Debt Collection Practices Act;

therefore, a violation of 15 U.S.C. § 1692d also violates the RFDCPA.

57. 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (5)Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

58. The Consumer Financial Protection Bureau's Regulation F, addressing repeated telephone calls under 15 U.S.C. § 1692d(5), provides the following:

> …a debt collector is presumed to violate this prohibition if the debt collector places telephone calls to a person in connection with the collection of a particular debt more than seven times within a seven-day period…

59. Therefore, Defendant's acts of calling Plaintiff over fifty (50) times, multiple times per day, and more than seven (7) times during some seven-day periods were separate violations of 15 U.S.C. § 1692d(5), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.

**II.**

**SECOND CAUSE OF ACTION**

**Negligent and/or Willful Violations of the TCPA**

**(47 U.S.C. § 227, *et seq.*)**

60. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

61. Through the April 8, 2026 Letter sent by Plaintiff's Counsel, Plaintiff revoked any alleged consent for ACE CASH or its agents or representatives to call Plaintiff on her cellular telephone via the use of an artificial and/or prerecorded voice.

62. The foregoing acts and omissions of ACE CASH constitute numerous and

multiple negligent and/or willful violations of the TCPA, including but not limited to every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

63. To properly plead a TCPA claim under 47 U.S.C. § 227(b), Plaintiff must merely allege the following elements: (1) a defendant called their cellular or residential phone numbers, (2) using an ATDS <u>*or*</u> artificial <u>*or*</u> prerecorded voice, (3) without their prior express consent. See *Meyer v. Portfolio Recovery Assocs., LLC,* 707 F.3d 1036, 1043 (9th Cir. 2012) (emphasis added). To plead these elements as required will obviously include overlap with the very statute that a Plaintiff alleges was violated. See *Vaccaro v. CVS Pharmacy, Inc.,* No. 13-CV-174 - IEG (RBB), 2013 U.S. Dist. LEXIS 99991, at *6 (S.D. Cal. July 16, 2013) ("It does not follow that factual allegations that borrow or echo statutory language are necessarily legal conclusions. Factual allegations do not cease to be factual even if they quote a statute's language.")

64. Therefore, Plaintiff's allegations above regarding Defendant's conduct have satisfied all of the aforementioned requisite elements for a TCPA claim, thus Defendant violated 47 U.S.C. § 227(b)(1).

65. As a result of ACE CASH's negligent violations of 47 U.S.C. §227, *et seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

66. As a result of ACE CASH's knowing and/or willful violations of 47 U.S.C. §227, *et seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages for every one of ACE CASH's knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

67. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant POPULUS FINANCIAL GROUP, INC. d/b/a ACE CASH EXPRESS herein, respectfully requests this Court enter a Judgment against Defendant as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof;
b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b);
c. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c);
d. As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1); and $1,500.00 in statutory damages for each and every one of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C);
e. As to the Second Cause of Action, injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);
f. For such other and further relief as the Court may deem just and proper.

Dated: August 5, 2026, By: BLC Law Center, APC

_s/ Ahren A. Tiller_
Email: ahren.tiller@blc-sd.com

Ahren A. Tiller, Esq.
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by a jury.

Dated: August 5, 2026, By: BLC Law Center, APC

*s/ Ahren A. Tiller*
Email: ahren.tiller@blc-sd.com

Ahren A. Tiller, Esq.
Attorney for Plaintiff